NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 20, 2007[*]
Decided October 12, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1057

| | |
|---|---|
| MICHAEL V. WILKINS, SR., *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 01 C 7181 |
| LISA MADIGAN, *et al.,* *Respondents-Appellees.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

Michael Wilkins challenges the requirement that his name remain on the Illinois Sex Offender Registry. He contends that requiring him to remain registered as a sex offender violates the *Ex Post Facto* clause of the Constitution. Wilkins also argues that he was denied the effective assistance of counsel during the proceedings in the district court. We dismiss the action for lack of jurisdiction.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

The present dispute has its origins in a sentence that Wilkins has now fully served . In June 1991 Wilkins pleaded guilty to third-degree rape in Kentucky and was sentenced to four months' house arrest and two years' probation. After he served his sentence and moved to Illinois, Wilkins's name was added to the Sex Offender Registry. See 730 ILCS 150/7. His tenure on the registry would have expired in June 2001, but, by his own admission, Wilkins "was a few days late" in his "recent registration"; the state accordingly extended his registration for an additional ten years. See 730 ILCS 150/7 ("The Director of State Police, consistent with administrative rules, shall extend for 10 years the registration period of any sex offender, as defined in Section 2 of this Act, who fails to comply with the provisions of this Article."). In September 2001 Wilkins challenged the lengthened registration term in what he labeled a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Wilkins also filed a motion for appointment of counsel. The district court granted that motion in December 2001.

At that point, matters became confused in the district court. In June 2003, at a time when Wilkins was not in prison, Wilkins's appointed lawyer moved to withdraw from the case. The district court granted that motion and stated that it would recruit new counsel. In August 2003 the case was transferred to a different district judge. But replacement counsel had not been appointed, and when the new judge held a status hearing in May 2004, neither party appeared. The judge therefore dismissed the action without prejudice for want of prosecution. See N.D. Ill. Loc. R. 41.1. In March 2005 Wilkins, who as of May 2004 was incarcerated on a separate charge, informed the court in a written submission that he had been unaware of the dismissal. Evidently not realizing that he was unrepresented at the time of the dismissal, Wilkins faulted his attorney for failing to appear at the status hearing. He did not ask the judge to reinstate the case, however, until November 2006, when he moved to reinstate his lawsuit on the ground of his lawyer's failings. The district court construed Wilkins's motion as one seeking relief from judgment under FED. R. CIV. P. 60(b)(6), but the court noted that Wilkins provided no explanation for the eighteen-month delay in requesting relief and no justification for reopening the judgment. The district court therefore denied the motion. Wilkins timely filed his notice of appeal.

We first assess federal jurisdiction. Wilkins's claim is that the state violated the *Ex Post Facto* clause by extending his period for registering on the sex offender registry. But the statute that Wilkins invokes, 28 U.S.C. § 2241, requires that a petitioner be in custody under the sentence giving rise to his claimed injury at the time he filed suit, in order for federal jurisdiction to exist. See *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003). Wilkins was not "in custody" under the rape charge (which gives rise to the challenged registration requirement) when he filed this suit. The district court therefore did not have jurisdiction and should promptly have dismissed the action on that ground. See *id.*

We recognize, as does the state, that Wilkins's claim may be cognizable under 42 U.S.C. § 1983. But we will not on appeal convert his case into a civil rights action because, as we have said before, such a conversion may lead to unfavorable consequences for Wilkins. See generally *Bunn v. Conley*, 309 F.3d 1002, 1004-1007 (7th Cir. 2002). If we decided that his complaint fails to state a claim upon which relief may be granted, Wilkins would receive a strike under the Prison Litigation Reform Act, see *Lewis v. Sullivan*, 279 F.3d 526, 527 (7th Cir. 2002). In addition, we would need to consider issues that neither party has had reason to address, such as possible exhaustion defenses, whether Wilkins named the correct defendant, and whether he is prepared to pay the proper filing fee for a civil rights action (presently $350), as opposed to the fee for a petition for a writ of habeas corpus($5).

We note, in closing, that there was an unfortunate slip-up in the district court that may have contributed to the length of these proceedings. Once the first district judge assured Wilkins that the court would recruit replacement counsel, the second judge either should have followed through on that assurance or notified Wilkins that it would not recruit another lawyer before dismissing the case for want of prosecution. That did not happen, and as a result, Wilkins had no idea that he was unrepresented for a substantial period of time.

The judgment of the district court is MODIFIED to be a dismissal for want of jurisdiction.